THOMAS E. CASEY, PLAINTIFF, v. CITY OF GLOUCESTER CITY, A MUNICIPAL CORPORATION IN THE COUNTY OF CAMDEN AND STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided October 16, 1956.

*Mr. Abraham Greenberg,* attorney for the plaintiff.

*Mr. William E. Hughes,* attorney for the defendant.

HANEMAN, J. S. C.   The plaintiff herein seeks the specific performance of an alleged sale of realty in the defendant municipality, by said defendant municipality.

The facts in connection herewith are as follows: On or about April 16, 1951 the defendant held a public sale of lands known as Lots 12, 13 and 14 in Block 115 located in defendant municipality, under *N. J. S. A.* 40:60–26(*a*).

The advertisement of said sale, as far as here pertinent, reads as follows:

"Take notice that the City Treasurer of the City of Gloucester in the County of Camden and State of New Jersey, will expose at Public Sale on Monday, April 16, 1951, at 10:00 A. M. (E.S.T.) at the office of the City Treasurer, City Hall, 313 Monmouth Street, Gloucester City, N. J., County of Camden, the following described tract of land: * * *

The above tract of land shall be sold at public sale to the highest bidder provided that the minimum bid at said sale shall be as follows: For Tract No. 1, the sum of One Dollar. * * *

Be it further resolved that the purchaser of Tract No. 1 shall agree to erect a Fire Hall upon said land.

Be it further resolved that the City Treasurer shall be the auctioneer to make sale of the aforesaid land for the price and terms herein set forth.

Be it further resolved that upon the said property being sold at public sale as aforesaid, the Mayor and City Clerk be, and they are hereby authorized to execute and deliver a special warranty deed to the purchaser of said property."

On the date of sale the plaintiff made the highest bid, in the sum of $10. The lands were thereupon struck off to him by the city treasurer. He delivered to said municipal treasurer the sum so bid and received a receipt therefor, which reads as follows:

"City of Gloucester City, N. J.
                                        Date 4/16/51
Received from Thomas E. Casey
Ten- - - - - - -00Dollars
for Payment of bid of $10.00 on
Tract No. 1 Public Sale 4/16/51
$10.00
                    C. Edward Walker
                        Treasurer"

Although the actual currency so paid was retained by said treasurer in an envelope which was deposited in a safe,

it was never deposited in a bank to the credit of defendant. At a later date a money order was forwarded to plaintiff and he was advised that the receipt was voided. Plaintiff refused to accept said money order.

The sale was admittedly made for the benefit of a local volunteer fire company and with the hope that it would be the successful bidder.

Among other defenses, the defendant alleges that no common and definite standard existed upon which comparative bids could be solicited and that the sale was therefore invalid.

In *Juice Bar Corp. v. Township Committee of Neptune,* 36 *N. J. Super.* 164, 167, 169 (*App. Div.* 1955), the court said:

"Obviously the sale was intended to be a public one conducted on the basis of competitive bidding. An indispensable element of such a sale is the existence of a definite common standard to which all of the competitive proposals alike relate. A common pattern is the foundation of just competition. * * *

While the pertinent statute permits the governing body to impose 'any conditions of sale as to building or structures to be erected' on the lands, or 'as to the type, size or other specifications of such buildings or structures,' it carries the mandate that 'the restrictions on the use to be made of the land and the conditions of sale shall be set forth at length' in the advertisement. The reasonable import of this provision, if regarded as applicable to a condition obligating the purchaser to an affirmative future accomplishment, is that the condition shall be clearly and precisely expressed in the advertisement and be applicable in common to all bidders.

Here the design was to allow each bidder to propose his own type of dwelling and to enable the municipal governing body presumably with the advice of the building inspector, to examine the variety of types and to prefer and adopt any one of them."

In the case *sub judice* it is to be noted that the condition appended to the bid concerned itself with more than a restriction on the use of the property. It required an affirmative future accomplishment in that it provided that the successful bidder should "agree to erect a Fire Hall upon the said land." No plans or specifications of the proposed building were set forth in the advertisement. A "Fire Hall" could have been one or more stories in height, planned

to house one or more pieces of apparatus, with living and meeting quarters, and a kitchen. It could have been included in an apartment and store building, such as plaintiff testified he intended to construct, or it could have been a one-story frame shack.

As in *Juice Bar Corp. v. Township Committee of Neptune, supra,* there was absent a definite common standard to which all proposals alike could relate. The sale was invalid.

Judgment will be entered accordingly, dismissing the complaint.